**FILED**
**Apr 08, 2022**
**08:57 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **WENDY CUNNINGHAM** | ) | **Docket No.: 2019-05-1358** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **TRUSTPOINT HOSPITAL, LLC,** | ) | **State File No.: 48297-2018** |
| **Employer,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **ACE AMERICAN INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER
## GRANTING BENEFITS
### *(DECISION ON THE RECORD)*

---

This case came before the Court on Wendy Cunningham's Request for an Expedited Hearing on the record. The sole issue is whether Ms. Cunningham is likely to prove at a hearing on the merits that Trustpoint must pay for treatment provided by Dr. Keith Caruso. For the reasons below, the Court holds she is likely to meet this burden.

## History of Claim

This is the fourth expedited hearing in this case. Most recently, the Court issued an Expedited Hearing Order on August 10, 2021, requiring Trustpoint to provide a panel of psychiatrists. Ms. Cunningham selected Dr. Caruso from the panel and began treatment.

After treating with Dr. Caruso for a few months, Ms. Cunningham filed this Request for Expedited Hearing. Trustpoint filed no response. The Court issued a docketing notice allowing the parties until April 6, 2022, to file objections or submit position statements. Neither party filed any response or objections.

1

**Findings of Fact and Conclusions of Law**

Ms. Cunningham must present sufficient evidence showing she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2021).

The Workers' Compensation Law provides that "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). Thus, the specific questions before the court are whether Dr. Caruso is Ms. Cunningham's authorized physician and, if so, whether Trustpoint has provided the treatment required under Section 204(a)(1)(A).

Regarding the first question, Ms. Cunningham's Rule 72 Declaration shows that Dr. Caruso is her authorized treating psychiatrist. Because this was the only proof submitted, the Court finds that she is likely to prove this element of her claim.

Next, the Court considers whether Trustpoint provided the treatment required under Section 204(a)(1)(A). Dr. Caruso's treatment note and emails show that he recently suspended Ms. Cunningham's treatment because Trustpoint failed to pay his invoices dating back to November. Again, the undisputed proof suggests Ms. Cunningham is likely to show that Trustpoint failed to pay for her authorized medical treatment. The Court finds that this is tantamount to failing to provide treatment.

Because of Trustpoint's failure to pay for medical treatment previously ordered by the Court, the Court refers this case to the Compliance Program for investigation and potential assessment of a civil penalty. Upon its issuance, a copy of this Order will be sent to the Compliance Program. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Trustpoint shall provide Ms. Cunningham with medical treatment made reasonably necessary by her June 15, 2018 injury, including continuing treatment with Dr. Caruso. This treatment shall include payment of Dr. Caruso's outstanding bills within ten days of this order.

2.  This case is referred to the Compliance Program for consideration of the imposition of a penalty regarding Trustpoint's failure to provide authorized medical treatment as ordered by the Court.

3.  This case remains set for a Status Hearing on May 4, 2022, at 9:30 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED April 8, 2022.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Ms. Cunningham's March 4, 2022 Rule 72 Declaration Under Penalty of Perjury
2. Exhibits to the March 7 Request for Expedited Hearing
3. Exhibits admitted into evidence during prior expedited hearings

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Ms. Cunningham's Legal Brief in Support of Petition for Medical Benefits
5. Trustpoint's Objection to Request for Expedited Hearing
6. Ms. Cunningham's Reply Brief to Objection
7. Trustpoint's Position Statement
8. July 9, 2021 Request for Expedited Hearing
9. Trustpoint's July 16, 2021 Response to Request for Expedited Hearing
10. Ms. Cunningham's July 19, 2021 Reply
11. July 27, 2021 Docketing Notice
12. Trustpoint's August 5, 2021 Additional Response to Request for Expedited Hearing
13. Ms. Cunningham's March 7, 2022 Request for Expedited Hearing

3

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on April 8, 2022.

| Name | Certified Mail | Via Email | Service sent to: |
|------|----------------|-----------|------------------|
| Christopher D. Markel, Employee's attorney | | X | cmarkel@markelfirm.com |
| Kitty Boyte, Employer's attorney | | X | kboyte@constangy.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*